IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01027-REB-KLM

HOME DESIGN SERVICES, INC.,

      Plaintiff,

v.

RUCKMAN, INC., and
TERRY M. RUCKMAN,

      Defendant(s).
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof** [Docket No. 36; Filed September 4, 2009] (the "Motion").  Defendants filed a Response in opposition to the Motion on September 23, 2009 [Docket No. 40] and a Supplemental Response on September 25, 2009 [Docket No. 43]. I find that further briefing would not materially assist the Court in resolving the pending dispute.  *See* D.C. Colo. L. Civ. R. 7.1(C).  As a preliminary matter, the Motion was filed within the deadline to amend pleadings and is therefore timely [Docket No. 29].  Having considered the parties' arguments, the entire docket and the relevant case law, the Court is sufficiently advised in the premises.  Accordingly,

      IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  The Court's ruling is explained below.

      This matter involves the alleged copyright infringement of Plaintiff's architectural designs by Defendants.  *See Complaint* [#1] at 1.  Plaintiff filed the present Motion to

amend the Complaint to clarify that it is seeking recovery under the theories of direct <u>and</u> indirect liability, i.e., vicarious and contributory liability. *Motion* [#36] at 2.

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants primarily argue that leave to amend should be denied because an assertion of indirect liability against them would be futile. *Response* [#40] at 2. Specifically, Defendants contend that vicarious "liability is premised on the belief that the defendant is in a position to police the conduct of the primary infringer. Defendants were not in a position to police the conduct of [a third party who is believed to have committed the infringement]. Without this element, there can be no vicarious liability . . . ." *Id.* at 5. By contrast, Plaintiff argues that "[b]ased on preliminary investigation and discovery" it believes it has enough information to "pursue legitimate, alternate theories of liability against Defendants." *Motion* [#36] at 2, 4.

An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [it]

'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [its] complaint." *Id.*

Although Defendants strenuously argue that there are insufficient facts to support any theory of indirect liability against them, I find that at this stage of the proceedings it is not clear from the allegations asserted in the Amended Complaint that Plaintiff's amendment would be futile. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Further, it is not appropriate for the Court to look beyond the operative pleading and weigh the facts and evidence at this stage and resolve any disputes between the parties. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). My sole function is to determine whether Plaintiff has provided a plausible basis for liability, accepting its version of the facts and potential evidence as true. Therefore, the Court will leave the question of whether Plaintiff is entitled to recovery to be decided on a fully-briefed dispositive motion, if any, or at trial.[1]

Moreover, the Court is mindful of the language of Fed. R. Civ. P. 11(b)(3), which specifies that an attorney who files a pleading with the Court represents that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Of course, Rule 11(c) permits the Court to impose sanctions if the rule is violated.

To the extent that Defendants also contend that they would be prejudiced by

---

[1] The Court expresses no opinion on the merits of any such motion.

amendment, the prejudice they assert is the cost of being involved in litigation and does not rise to the level of undue prejudice.  *See Response* [#40] at 7.  Moreover, I note that the Motion was filed at the beginning stages of the case and within the pleading amendment deadline of September 7, 2009.  Further, I note that in Plaintiff's estimation, it does not yet have meaningful discovery to preclude its theory of indirect liability.  *Motion* [#36] at 4.  If, as Defendants argue, discovery already produced or discovery yet to be exchanged clearly establishes that Plaintiff cannot prove indirect liability against Defendants on the basis of the actions of a third party, the law provides avenues for redress.  Accordingly, I find that amendment is appropriate.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Amended Complaint [Docket No. 36-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Amended Complaint on or before **October 9, 2009**.

Dated:  September 25, 2009

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix